**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jane Doe,

No. 26-cv-848 (PJS/DLM)

Plaintiff,

**ORDER**

v.

City of West Richland, *Monell Liability*;
Selena Smathers, *in her individual capacity*;
Stacy Ryan, *in her individual capacity*;
Brook Connor Ehr, *in his individual capacity*,

Defendants.

---

Before the Court is Plaintiff Jane Doe's Sealed Motion for Protective Order Preventing Dissemination of Identifying and Sensitive-Safety-Related Information (Doc. 11, redacted version at Doc. 12), Sealed Motion for Pseudonymity (Doc. 13, redacted version at Doc. 14), and Sealed Motion to Restrict Access and Permit Narrow Sealing (Doc. 15, redacted version at Doc. 16).[1]  Through her Motions, Plaintiff broadly seeks to protect the privacy of her personally-identifiable information, and that of her children. Defendants City of West Richland, Selena Smathers, Stacy Ryan, and Brook Connor Ehr (collectively "Defendants") object in part, though they take no issue with Plaintiff's general request to conceal her identity and physical location from public view. (*See generally* Doc. 27.) Accordingly, they do not oppose Plaintiff's Motion for Pseudonymity (Doc. 13). However,

---

[1] Although Plaintiff's Motions were filed under seal, the Court discerns no reason this Order should be sealed, as it reveals no personally-identifiable information.

1

Defendants do oppose Plaintiff's Motion for Protective Order (Doc. 11), arguing that the Motion is procedurally deficient and premature. Defendants also object in part to Plaintiff's Motion to Restrict Access and Permit Narrow Sealing (Doc. 15) to the extent that continued sealing of certain documents is not necessary to protect the confidentiality of Plaintiff's information. Upon review of the parties' arguments, the Court denies without prejudice Plaintiff's Motion for Protective Order (Doc. 11) and Motion to Restrict Access and Permit Narrow Sealing (Doc. 15). The Court grants Plaintiff's Motion for Pseudonymity (Doc. 13).

## I.      THE COURT DENIES WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER.

The Court first considers Plaintiff's Motion for Protective Order Preventing Dissemination of Identifying and Sensitive-Safety-Related Information (Doc. 11). Plaintiff contends that a protective order is necessary to limit the "dissemination of Plaintiff's and her minor children's identifying and safety-sensitive information during the pendency of this litigation." (Doc. 11 at 1.) Defendants object on the grounds that Plaintiff's Motion is procedurally deficient under Federal Rule of Civil Procedure 26(c) and Local Rule 7.1(b). Additionally, they argue that her Motion is premature since discovery is not yet underway. The Court agrees with Defendants.

Federal Rule of Civil Procedure 26 enables the Court to issue a protective order upon a finding of "good cause." Fed. R. Civ. P. 26(c)(1). A protective order shields the party "from whom discovery is sought" from "annoyance, embarrassment, oppression, or undue burden or expense." *Id*. In this case, Defendants have not yet sought discovery from

Plaintiff. And as they point out, the Rule 12 hearing in this case is scheduled for late August 2026, meaning that discovery's start is still months away. Because Plaintiff is therefore not yet a party "from whom discovery is sought," she cannot move for a protective order under Rule 26(c). Plaintiff's Motion is, at this point, premature.

For these reasons, the Court denies without prejudice Plaintiff's Motion for a Protective Order (Doc. 11). If this case proceeds beyond the Rule 12 stage, Plaintiff may refile her Motion for a Protective Order. In that case, she is advised to mind the procedural requirements outlined by Local Rule 7.1(b)(1) and by Federal Rule of Civil Procedure 26(c)(1).

## II.    THE COURT GRANTS PLAINTIFF'S MOTION FOR PSEUDONYMITY.

The Court next considers Plaintiff's Motion for Pseudonymity (Doc. 13). Through her Motion, Plaintiff requests that the Court permit her to proceed under the pseudonym "Jane Doe" in all public filings to protect her safety as a survivor of domestic violence. (Doc. 13.) Defendants lodge no objection.

Although the public's First Amendment interest in access to legal proceedings militates against the use of fictitious names, federal courts may allow parties to proceed under pseudonym in certain circumstances. *Cajune v. Indep. Sch. Dist.* 194, 105 F.4th 1070, 1076 (8th Cir. 2024). For instance, "courts have allowed plaintiffs to use fictitious names to protect the privacy of vulnerable parties. . ." *Id.* at 1077. In this case, Plaintiff represents herself to be a vulnerable party as a survivor of domestic violence who is under a lifetime permanent Order for Protection. Accordingly, the Court finds that Plaintiff's use of a pseudonym is warranted and grants her Motion (Doc. 13).

### III.   THE COURT DENIES WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RESTRICT ACCESS AND PERMIT NARROW SEALING.

Finally, the Court turns to Plaintiff's Motion to Restrict Access and Permit Narrow Sealing. (Doc. 15.) Previously, Plaintiff moved to prevent dissemination of her identifying information and restrict access and permit narrow sealing (Docs. 3, 4) which the Court granted (Doc. 8). In its Order, the Court directed Plaintiff to comply with Federal Rule of Civil Procedure 49.1 and Local Rule 5.6 for all future filings. (Doc. 8.) Through this Motion, she seeks the same permission to redact and seal all filings that contain personally identifiable information. Defendants do not generally oppose Plaintiff's request to seal documents that contain identifying information about her or her children[2] so long as Plaintiff follows applicable law. Defendants, however, object to the Motion insofar that it seeks continued sealing of certain documents that, in their view, contain unnecessary redactions.

Local Rule 5.6 outlines the procedures required to file documents under temporary and continued seal. It provides that, within 21 days of after the filing of a final memorandum or response under temporary seal in compliance with Local Rule 7.1 or 72.2, the parties "must file a completed Joint Motion Regarding Continued Sealing Form." D. Minn. LR 5.6(d)(3). In this case, and to the extent that Plaintiff seeks to file future documents under seal, she is directed to the Court's prior Order (Doc. 8) and to the rules described therein. To the extent that Plaintiff seeks continued sealing, she must follow the

---

[2] Defendants note that, upon information and belief, certain children of Plaintiff are no longer minors. (Doc. 27 at 6.) However, they do not object to the continued sealing of information related to Plaintiff's children who have reached the age of majority.

requirements of Local Rule 5.6, as described. The Court is sensitive to Plaintiff's need for privacy in this litigation but requires that Plaintiff—notwithstanding her pro se status—follow applicable law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). For these reasons, the Court denies without prejudice Plaintiff's Motion to Restrict Access and Permit Narrow Sealing (Doc. 15).

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that Plaintiff Jane Doe's Sealed Motion for Protective Order (Doc. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiff Jane Doe's Sealed Motion for Pseudonymity (Doc. 13) is **GRANTED**. And Plaintiff Jane Doe's Sealed Motion to Restrict Access and Permit Narrow Sealing (Doc. 15) is **DENIED WITHOUT PREJUDICE** in accordance with this order.

SO ORDERED.

DATED:  April 30, 2026                              *s/Douglas L. Micko*
                                                    DOUGLAS L. MICKO
                                                    United States Magistrate Judge