UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JANE DOE,

Plaintiff,

v.

CITY OF WEST RICHLAND; SELENA SMATHERS, in her individual capacity; STACY RYAN, in her individual capacity; and BROOK CONNOR EHR, in his individual capacity,

Defendants.

Case No. 26-CV-0848 (PJS/DLM)

ORDER

Jane Doe, plaintiff pro se.

Elizabeth J. Vieira, RUPP, ANDERSON, SQUIRES & WALDSPURGER, for defendants.

Plaintiff Jane Doe brings this action against the City of West Richland, Washington and three of its employees (collectively "West Richland"), alleging several constitutional violations arising out of West Richland's maintenance of records concerning a 2012 police investigation into an allegation by Doe that she was the victim of a domestic assault. This matter is before the Court on West Richland's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. For the following reasons, the Court agrees that it lacks personal jurisdiction over West Richland.

## I. BACKGROUND[1]

Doe alleges that she has faced "severe and repeated domestic violence across multiple jurisdictions" since at least 1996. Amended Complaint ("Am. Compl.") ¶ 55. Her claims in this lawsuit arise out of a domestic assault that Doe alleges occurred in West Richland in the summer of 2012, during the one month that Doe resided in Washington. *Id.* ¶¶ 5, 50; ECF No. 36-3 ¶ 60.[2] Doe reported the incident to the West Richland Police Department, which investigated but ultimately concluded that no assault had occurred (despite what Doe says was ample evidence to the contrary). Am. Compl. ¶¶ 4–8, 25, 53, 54, 68–71. This conclusion allegedly caused Doe to lose access to domestic-violence protections and put Doe's confidential information at risk of being disclosed, thereby threatening her safety. *Id.* ¶¶ 76–79.

West Richland maintained records related to the 2012 investigation for over 12 years with no complaint from Doe. *Id.* ¶¶ 7, 8, 25, 72–75. In March 2025, however, Doe allegedly learned of (1) "the presence of disclosure-capable identifying

---

[1]The Court will not consider facts alleged for the first time in Doe's opposition brief. *See Morgan Distrib. Co., Inv. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." (quotation omitted)); *see also* ECF No. 37 at 4 (identifying facts alleged in plaintiff's opposition brief not present in the amended complaint).

[2]Doe has lived in Minnesota since 2014. Am. Compl. ¶ 36.

information"; (2) "the existence of materially conflicting police records"; and (3) "the absence of the complete assault case file." *Id.* ¶ 9.

After Doe reported these problems with her records to West Richland in 2025, Doe contends that West Richland not only failed to remedy the problems, but made them worse. *See id.* ¶¶ 11–24, 87. According to Doe, West Richland treated Doe's complaints as "adverse"[3] and refused to implement measures to protect her confidentiality. *Id.* ¶ 17. Doe says that she was given the opportunity to "add statements" to her records, but not to *correct* those records. *Id.* ¶ 18. Moreover, Doe complains that adding statements to her records would require her to submit "additional sensitive information into the same systems causing harm." *Id.* Finally, Doe alleges that West Richmond failed to give her a copy of her complete case file despite promising to do so. *Id.* ¶¶ 18, 93–103.

Doe names as defendants the City of West Richland; Selena Smathers, the West Richland city manager; Stacy Ryan, the police-records supervisor; and Brook Connor Ehr, a police sergeant. *See id.* ¶ 42–45.[4] The complaint is difficult to parse, and the

---

[3]The Court understands this assertion to mean that West Richland undermined Doe's credibility. *See, e.g.*, *id.* ¶¶ 108–111, 142 ("Ehr stated . . . that[] if [Doe] continued pursuing her complaint, her credibility would be documented negatively.").

[4]Facts specific to each defendant are ultimately irrelevant, but among Doe's allegations are that:

(continued...)

Court has struggled to understand all of the connections between the alleged facts, each of the defendants, and each of the seven counts. But as best as the Court can tell, the gravamen of Doe's complaint is her contention that, as long as the 2012 report remains incorrect in its conclusion that no assault occurred—and as long as her confidential information remains at risk of disclosure—she will face harm.

## II. ANALYSIS

"Under Fed. R. Civ. P. 8(a)(2), a complaint must include 'a short and plain statement of the claim showing that the pleader is entitled to relief. . . .' The words 'short and plain' are themselves short and plain, and they mean what they say:

---

[4](...continued)

- Ryan responded to and mishandled her 2025 record request, *see id.* ¶¶ 126, 133–35, 170, 178–180, 207, 269, 594–600, 671–78, 865;

- Ryan and Ehr both knew of the risk to Doe's safety, yet failed to act or correct her records, *see id.* ¶¶ 131, 164–67, 213, 250, 385–87, 630–41, 799, 831–35;

- Ehr retaliated against Doe, discredited Doe, and failed to conduct a proper supplemental investigation, *see id.* ¶¶ 140–155, 218, 220, 257, 287–94, 378–80, 492–95, 499–501, 587–93, 665–70, 796, 827–30, 863;

- Smathers knew that Doe's confidential information could be disclosed and threatened Doe with disclosure, *see id.* ¶¶ 204, 270, 443, 601–06, 642–47, 680–84, 800, 836–38, 867; and

- West Richland is liable as a municipality, *see, e.g., id.* ¶¶ 694–786 (pleading seven different theories of municipal liability).

A complaint must be concise, and it must be clear." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) (quoting Fed. R. Civ. P. 8(a)(2)).

Here, the amended complaint consists of 923 paragraphs over 214 pages. Needless to say, the amended complaint is neither short nor plain. Moreover, despite its prolixity, the amended complaint contains only three paragraphs devoted to jurisdiction and venue. *See* Am. Compl. ¶¶ 46–48.[5] Those allegations fall far short of establishing that this Court can exercise personal jurisdiction over any of the defendants.

Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Whether this Court has jurisdiction over defendants therefore depends on whether a Minnesota state court could exercise jurisdiction over them. *See Digi–Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

Minnesota's long-arm statute is as broad as a long-arm statute can be: It authorizes Minnesota state courts to exercise all of the jurisdiction permitted under the

[5]Doe makes other conclusory statements gesturing at jurisdiction, such as that "[d]efendants intentionally or deliberately increased known safety risks to [Doe] and her children in Minnesota." *Id.* ¶ 277.

United States Constitution. *See* Minn. Stat. § 543.19; *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020). As a result, this Court has personal jurisdiction over a defendant if the exercise of such jurisdiction by a Minnesota state court would be constitutional. *See Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006) ("Because Minnesota's long-arm statute is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process.").

The Due Process Clause permits state courts to exercise personal jurisdiction over a nonresident only if that nonresident has sufficient contacts with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted). Only when a "defendant purposefully avails itself of the privilege of conducting activities within the forum State" does the Constitution permit the forum state to exercise personal jurisdiction over that defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotations omitted); *Johnson*, 444 F.3d at 955 ("Personal jurisdiction exists only if the contacts between the defendant and the forum state are sufficient to establish that the defendant has purposefully availed himself of the benefits and protections of the forum state.").

Nothing in the amended complaint sufficiently connects West Richland to Minnesota. Doe alleges that West Richland "directed conduct toward [Doe] knowing

the effects would be felt in Minnesota." *See* Am. Compl. ¶ 47. But the conduct of an out-of-state defendant "must do more than cause harm to a resident of [a] state; instead, the defendant's conduct itself must be connected to the state." *Blue Zones, LLC v. Hartley*, No. 17-CV-5097 (PJS/LIB), 2018 WL 4759835, at *8 (D. Minn. Oct. 2, 2018); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("The plaintiff cannot be the only link between the defendant and the forum.").

The *conduct* of West Richland described in the amended complaint—in contrast to the *effects* of that conduct—has no connection to Minnesota. The records that are the subject of this lawsuit have been maintained by West Richland in Washington for almost 15 years. All of the decisions regarding the content of and access to those records—that is, all of the decisions that allegedly make West Richland liable to Doe—were made in Washington. Those records and decisions have a connection to *Doe*, but they have no connection to *Minnesota* or to any other state in which Doe has lived since leaving Washington.

The amended complaint alleges that West Richland responded to inquiries that Doe sent from Minnesota. But the fact that someone responds to an inquiry sent from a state does not, in itself, give that state personal jurisdiction over that person. After all, it was Doe, not West Richland, who decided to move to Minnesota and send inquiries from there.

For these reasons, the Court concludes that it lacks personal jurisdiction over West Richland. And because the Court does not have jurisdiction—that is, authority—over West Richland, the Court may not "proceed to an adjudication" of Doe's claims or address the merits of any of West Richland's remaining defenses. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *see also Kangas v. Kieffer*, 495 F. App'x 749, 750 (8th Cir. 2012) (per curiam).

One final matter: The Court declines to transfer this action to the Eastern District of Washington under 28 U.S.C. § 1631. Although Doe mentions transfer as a preferable alternative to dismissal, *e.g.*, ECF No. 36 at ¶ 50, the Court may transfer this action only if doing so would be "in the interest of justice." 28 U.S.C. § 1631; *see also Johnston v. Wilkins*, 709 F. App'x 404, 405 (8th Cir. 2018). Doe's amended complaint will almost surely be dismissed for failing to comply with the basic pleading requirements of Rule 8. It is not in the "interest of justice" to transfer to another district a nearly 1000-paragraph complaint that has almost no chance of surviving a motion to dismiss. *Cf. Mullally v. United States*, 95 F.3d 12, 14 (8th Cir. 1996) ("[A] transfer would not be in the interest of justice, because the [transferee court] would most likely dismiss Mullally's claims."); *Strege v. Dep't of Motor Vehicles*, No. 15-CV-1907 (DSD/HB), 2015 WL 1954452, at *2 (D. Minn. Apr. 29, 2015) (finding that transfer was not warranted because the

complaint consisted "mainly of unintelligible factual allegations that [did] not provide a basis for relief").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' motion to dismiss for lack of personal jurisdiction [ECF No. 29] is GRANTED and plaintiff's amended complaint [ECF No. 9] is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 19, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge